

**U.S. Department of Justice**

United States Attorney
Northern District of Georgia

---

*Suite 600 Richard Russell Building   Telephone (404)581-6224*
*75 Spring Street, S.W.               Fax       (404)581-6150*
*Atlanta, Georgia  30303*

October 10, 2008

Christine Ann Israel                BY CERTIFIED MAIL
3960 Church View Lane               AND ELECTRONIC MAIL
Suwanee GA 30024

Re:   Israel v. U.S. Department of Education
      Bankruptcy Case No. A04-17006-WHD
      Adversary Proceeding 08-1701

Dear Ms. Israel:

This is in further reference to your ongoing obligations to file a response to the Counterclaim filed in the subject adversary proceeding and to answer discovery requests that have been served upon you. Furthermore, this letter is to apprise you of certain provisions of the Bankruptcy Rules of Procedure with which you are required to comply, even if you are proceeding without assistance of counsel, but with which you are apparently unfamiliar. Moreover, this is to respond to the attached, undated letters which you have submitted to the Bankruptcy Court.

A.   Provisions Of 11 U.S.C. §523(a)(8)

In your attached letters to the Bankruptcy Court, you repeatedly assert that your student loan obligations were discharged pursuant to the discharge you previously received in your Chapter 7 case. Those representations by you to the Court are incorrect.

Discharges of student loan obligations such as those you have failed to repay are governed by the provisions of 11 U.S.C. §523(a)(8). Under that provision of the Bankruptcy Code:

> A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt - ...
>
> (8)   unless excepting such debt from discharge under this paragraph would impose an undue hardship on the debtor and debtor's dependents for -



Christine Ann Israel
<u>Israel v. U.S. Department of Education</u>
Page Two

    (A)(I) an educational benefit overpayment or loan made, insured, or guaranteed by a governmental unit, or made under any program funded in whole or in part by a governmental unit or non-profit institution.

11 U.S.C. §523(a)(8).

It is the burden of the debtor, not the lender, to prove, by a preponderance of the evidence, each of the elements needed to establish such undue hardship. Unless and until an Order is entered by the Bankruptcy Court, separate and apart from the general Chapter 7 discharge you have received, that holds your student loan obligations should be discharged pursuant to the terms of 11 U.S.C. §523(a)(8), you remain liable for those obligations. Attached are copies of two decisions that set forth the applicable law governing discharges of student loan obligations under the terms of 11 U.S.C. §523(a)(8). *Educational Credit Management Corporation v. Mosley*, 494 F.3d 1320 (11th Cir. 2007); *Evans-Lambert v. Sallie Mae Servicing Corporation, et al.*, 2008 WL 1734213 (Bkrtcy. N.D.Ga. 2008).

    B.   <u>Answer To Defendant's Counterclaim</u>

With regard to the adversary proceeding you have filed, you previously have been advised defendant filed and served an Answer and Counterclaim in the subject case on July 22, 2008. A copy of that Answer and Counterclaim was mailed to your current address on that date.

You contend you were not served with a copy of that Answer and Counterclaim until September 27, 2008. In your attached letters to the Bankruptcy Court, you have requested that the Bankruptcy Court "deny the request by Defendant to have the case dismissed for lack of answer." Attached is a copy of the current docket sheet for the subject adversary proceeding. As you will note, defendant has filed no motion to dismiss this case due to your failure to answer or otherwise respond to the Counterclaim that has been served upon you.

By letter dated September 8, 2008, a copy of which is attached, you previously have been advised that, under the provisions of Rule 7012 of the Bankruptcy Rules of Procedure, a response to a Counterclaim is to be filed within twenty (20) days of service of the Counterclaim. If it is assumed that the Counterclaim was not served upon you until September 27, 2008, your response to that Counterclaim is required to be filed with the

Christine Ann Israel
<u>Israel v. U.S. Department of Education</u>
Page Three

Bankruptcy Court, and a copy served by mail upon me, on or before October 17, 2008.

    C.    <u>Discovery Requests</u>

In addition to being served with a Counterclaim, you have been served with Interrogatories, Requests for Production of Documents, and Requests for Admissions by defendant. With regard to the scope of permissible discovery, Bankruptcy Rule 7026 incorporates the provisions of Federal Rule of Civil Procedure 26. Under the provisions of Federal Rule of Civil Procedure 26(b)(1), "parties may obtain discovery regarding any non-privileged matter that is relevant to any parties' claim or defense."

In this case, Interrogatories and Requests for Production have been served upon you that seek information relating to: why being required to repay your student loan obligations will impose an undue hardship upon you; your educational background; your income; and your financial obligations. In the attached letters to the Bankruptcy Court, you state that "all documentation after the discharge of my debt is irrelevant to this case." For the reasons set forth above, that statement is incorrect. It is your burden to establish, based upon your current circumstances, that your student loan obligations should be discharged pursuant to the provisions of 11 U.S.C. §523(a)(8). At this time, your student loan obligations have not been discharged.

Your current financial circumstances are relevant to whether your student loan obligations should be discharged pursuant to 11 U.S.C. §523(a)(8). The scope of financial information which may be sought from a debtor in a proceeding under 11 U.S.C. §523(a)(8) is reflected in the discussion of debtor's financial circumstances in the attached *Evans-Lambert* opinion. You accordingly are, one again, requested to provide all information sought through the Interrogatories and Requests for Production that have ben served upon you.

With regard to the time during which such responses should be provided, you have requested that the Court provide you a period of sixty (60) days after October 3, 2008, to answer defendant's discovery requests. For future reference, please be advised that the proper practice is for the parties to discuss issues relating to discovery with each other before seeking judicial intervention, which you have declined to do in this case.

Christine Ann Israel
<u>Israel v. U.S. Department of Education</u>
Page Four

    In this case, the initial period established for the conduct of discovery under Bankruptcy Local Rule 7026-1 currently is scheduled to expire on October 22, 2008. Please be advised that defendant will agree to extend, until December 2, 2008, the period in which you shall provide responses to defendant's discovery requests if you will agree to extend, through December 22, 2008, the period in which discovery shall be conducted in this case.

    Those extensions of time will: allow you additional time to respond to defendant's discovery requests; allow defendant time to review those discovery responses; and provide sufficient time for your deposition and, if applicable, that of your spouse to then be conduced in order that you may be questioned, unde oath, regarding matters relevant to the subject adversary proceeding. Please confirm, in writing, by contacting me by e-mail at dan.caldwell@usdoj.gov, or by contacting me at (404) 581-6224, if you are amenable to those extensions of time. If we agree to those extensions of time, I will prepare proposed Orders for such extensions of time to be granted by the Court.

    With regard to other discovery requests, your responses to Requests for Admission Numbers Three, Four, and Five, respectively, are predicted upon the incorrect assumption that your student loan obligations previously have been discharged in the your Chapter 7 case. For the reasons set forth above, that assumption is based upon an incorrect interpretation of applicable bankruptcy law in general and the provisions of 11 U.S.C. §523(a)(8) in particular. Accordingly, this is to request that supplemental responses to defendant's Requests for Admission Numbers Three Four, and Five be served upon me that accurately are based upon your student loan obligations not having been discharged in bankruptcy at this time.

    Finally, in your attached letters to the Bankruptcy Court you state that have requested defendant to provide all documentation regarding your student loan obligations. Attached is a copy of Federal Rule of Civil Procedure 34, the terms of which are incorporated in Bankruptcy Rule of Procedure 34. Any request for documents from defendant should be served upon me, in my capacity as counsel for defendant, rather than defendant pursuant to applicable discovery procedures. At this time, no Request for Production has been properly served upon defendant by you which complies with Federal Rule of Civil Procedure 34. If documents are requested from defendant, please prepare and serve a Request for Production that complies with applicable discovery rules and procedures.

Christine Ann Israel
<u>Israel v. U.S. Department of Education</u>
Page Five

    Please contact me at (404) 581-6224 or dan.caldwell@usdoj.gov if additional information may be provided.

                            Sincerely,

                            DAVID E. NAHMIAS
                            UNITED STATES ATTORNEY

                            DANIEL A. CALDWELL
                            ASSISTANT UNITED STATES ATTORNEY

Enclosures