```
                    IN THE UNITED STATES BANKRUPTCY COURT

                     FOR THE NORTHERN DISTRICT OF GEORGIA

                                NEWNAN DIVISION

IN RE:                              :      CHAPTER 7
                                    :
CHRISTINE ANN ISRAEL,               :      BANKRUPTCY CASE NO.
                                    :
              Debtor.               :      04-17006-WHD
                                    :
_____:      JUDGE DRAKE
CHRISTINE ANN ISRAEL,               :
                                    :
              Plaintiff,            :      ADVERSARY PROCEEDING NO.
      v.                            :
                                    :      08-1701
U.S. DEPARTMENT OF EDUCATION,       :
(substituted for DIRECT LOANS),     :
                                    :
              Defendant.            :
```

MOTION BY DEFENDANT U.S. DEPARTMENT OF EDUCATION:
TO COMPEL RESPONSES TO DEFENDANT'S FIRST AND
AND SECOND SET OF REQUESTS FOR PRODUCTION; AND
FOR IMPOSITION OF SANCTIONS AGAINST
*PRO SE* PLAINTIFF CHRISTINE ANN ISRAEL
<u>FOR FAILURE TO COMPLY WITH ORDERS TO PROVIDE DISCOVERY RESPONSES</u>

Pursuant to Rule 7037 of the Rules of Bankruptcy Procedure and BLR 7037-1, defendant United States Department of Education ("defendant"), by and through the United States Attorney for the Northern District of Georgia and the undersigned Assistant United States Attorney, hereby moves that *pro se* plaintiff Christine Ann Israel ("plaintiff"): (1) be ordered to comply with Orders directing plaintiff to provide full and complete responses to defendant's First and Second Sets of Requests for Production of Documents; (2) be ordered to pay into the registry of the Court the

sum of five hundred dollars ($500) as a sanction for her ongoing failure to comply with the Orders of the Court to provide complete responses to defendant's discovery requests; and (3) further be advised that a default judgment shall be entered against plaintiff and in favor of defendant if plaintiff fails to provide complete responses to defendant's discovery requests and pay into the registry of the Court any financial sanction that the Court may impose for her ongoing failure to comply with the Orders of the Court.

Pursuant to BLR 7037-1(a) and (b), counsel for defendant files herewith, as Exhibit A hereto, a certification that counsel for defendant once again has conferred with *pro se* plaintiff in an unsuccessful attempt to resolve the ongoing discovery disputes that are the subject of this Motion for Sanctions.[1] In support of its Motion, defendant states the following.

---

[1] Counsel for defendant recognizes that plaintiff is proceeding without assistance of counsel. Accordingly, plaintiff is advised that any opposition to this Motion for Sanctions is required to be filed and served upon counsel for defendant within ten (10) days of service of this Motion. *See* BLR 7007-1 and 7037-1(c). Plaintiff is further advised that in calculating that ten (10) day response period, intermediate Saturdays, Sundays, and legal holidays are not excluded but three (3) days are added to the prescribed response period when service of a document to which a response is required is made by mail. *See* FED.R.BANKR.P. 9006(a) and FED.R.BANKR.P. 9006(f).

STATEMENT OF THE CASE

Plaintiff's Complaint to discharge federal student loan obligations was filed on April 29, 2008. [Doc. 1]. Defendant's Answer and Counterclaim to that Complaint were filed on July 22, 2008. [Doc. 10]. As stated in the Certificate of Indebtedness that was filed as Exhibit A to defendant's Counterclaim, plaintiff's student loan indebtedness totaled $111,153.85 as of May 28, 2008, with interest upon that indebtedness continuing to accrue at a rate of $20.49 per day. [Doc. 10 - Exh. A].

Under the terms of BLR 7016(b) and BLR 7026-2(a), the initial period established for the completion of discovery in this matter was scheduled to expire on October 22, 2008. During the initial discovery period in this case, defendant served its First Set of Interrogatories, First Set of Requests for Production, and First Set of Requests for Admissions upon plaintiff on July 22, 2008. [Doc. 11].

Responses to defendant's discovery requests, which were served by first class mail on July 22, 2008, were due to be served upon counsel for defendant on or before August 24, 2008. When no responses to defendant's Counterclaim or discovery requests were served in a timely manner, plaintiff was requested, by letter mailed by certified mail and dated September 8, 2008, to contact defendant's counsel to discuss why no timely responses had been

3

filed. When plaintiff did not respond to that letter dated September 8, 2008, counsel for defendant contacted plaintiff by telephone, on September 23, 2008, and was advised by plaintiff that she had not received copies of plaintiff's Counterclaim, plaintiff's initial discovery requests, or plaintiff's letter dated September 23, 2008. Following that telephone conversation, copies of those documents were transmitted to plaintiff, by electronic mail, on September 23, 2008.[2]

Thereafter, by letters to the Court dated October 3, 2008, plaintiff described the extent of responses she intended to provide to defendant's discovery requests and requested that the Court authorize plaintiff to have until December 2, 2008, to provide those responses. [Doc. 14]. By Order entered on November 3, 2008, the Court: (1) extended until December 2, 2008, the period during which plaintiff could serve responses to defendant's First Set of Interrogatories and First Set of Requests for Production; and (2) granted the motion by defendant to enlarge, through December 22, 2008, the period established for the completion of discovery in this case. [Doc. 16].

---

[2] Copies of defendant's letter to plaintiff dated September 8, 2008, and e-mail communication transmitted on September 23, 2008, previously have been filed with the Court in support of defendant's Motion to Compel Responses to Requests for Production which was filed on December 22, 2008. [Doc. 22 - Exhs. C and D].

4

On December 9, 2008, counsel for defendant received a copy of a document, titled "Motion to Rule on Dates of Discovery and Production," in which plaintiff stated:

> I respectfully request the court to rule that all Discovery and/or Production shall be limited to the timeframe before the discharge and up to the date of my bankruptcy discharge date.
>
> Defendant is requesting Discovery and or production after my discharge date.

A copy of that document was filed with the Court on December 23, 2008. [Doc. 27]. On December 9, 2008, defendant also received plaintiff's responses to defendant's First Set of Interrogatories and First Set of Requests for Production. In her responses to defendant's Requests for Production, plaintiff reiterated her refusal to produce any information regarding her financial status for any period following the date of her general Chapter 7 discharge in 2004.

Thereafter, on December 22, 2008, defendant filed its Motion to Compel Responses to First Set of Requests for Production which sought information regarding plaintiff's current financial status. [Doc. 22]. By Order entered January 30, 2009, the Court granted defendant's motion to compel responses to those Requests for Production, holding that plaintiff's current financial status and repayment history for her student loan obligations are relevant to determining whether plaintiff's student loan obligation should be

discharged. [Doc. 31]. By that Order, the Court directed plaintiff to provide full and complete responses to all interrogatories, requests for production, and requests for admissions served upon her by defendant on or before March 2, 2009. [Doc. 31 - p. 6]. By that Order, the Court extended the period for the completion of discovery through March 31, 2009. [Doc. 31 - p. 6].

Prior to entry of that Order, defendant's Second Set of Interrogatories, Second Set of Requests for Production, and Second Set of Requests for Admissions had been served upon plaintiff on December 30, 2008 [Doc. 24]. Subsequently, defendant's Third Set of Interrogatories and Third Set of Requests for Production had been served upon plaintiff on February 13, 2009. [Doc. 33].

On February 26, 2009, plaintiff submitted a letter to the Court, by which she sought a further extension of time of "**at least** [emphasis added] 60 days from the date of this letter to provide the requested items" sought through defendant's discovery requests. [Doc. 35]. As grounds for that request for an extension of time, plaintiff asserted that "many of these documents rest at unknown locations. Many of these documents were with companies that are now part of other companies especially with banks." *Id.*

Defendant filed its opposition to that open-ended request for an extension of time on March 9, 2009. [Doc. 36]. Furthermore, defendant filed its Motion to Compel Responses by plaintiff to

6

defendant's Second Set of Interrogatories, Second Set of Requests for Production, Second Set of Requests for Admissions, Third Set of Interrogatories, and Third Set of Requests for Production. [Doc. 37].[3]

By Order dated May 12, 2009, the Court held that:

The Debtor shall have through and including May 29, 2009 to provide a full complete response to the Defendant's Second Set of Interrogatories, Second Set of Requests for Documents, and Second Set of Requests for Admissions. When producing the requested documents, the Plaintiff shall either provide all documents requested by the Defendant or shall file with the Court and serve upon the Defendant a sworn affidavit detailing the documents that are not being provided and the reason why the documents are not being provided. If the documents exist, but are not accessible to the Plaintiff, the Plaintiff shall provide a detailed statement as to the steps taken by the Plaintiff to obtain the documents, along with the identity and address of the custodian of those documents.

[Doc. 38 at p. 3].[4]

After plaintiff failed to comply with the Orders of the Court dated January 30, 2009, and May 12, 2009, defendant notified plaintiff, by letter dated June 1, 2009, that:

---

[3]  Defendant's Second Set of Interrogatories, Second Set of Requests for Production, Second Set of Requests for Admissions, Third Set of Interrogatories, and Third Set of Requests for Production were filed with that Motion to Compel. [Doc. 37 - Exhs. A and B].

[4]  That Order did not address defendant's request that plaintiff be ordered to also provide complete responses to defendant's Third set of Interrogatories and Third Set of Requests for Production.

7

>   As of today, June 1, 2009, no discovery responses have been provided since December 9, 2008. Your failure to provide full and complete discovery responses to defendant's First Set of Requests for Production, Second Set of Interrogatories, Second Set of Requests for Production, Second Set of Requests for Admissions, Third Set of Interrogatories, and Third Set of Requests for Production is contrary to both the provisions of the Bankruptcy Rules of Procedure and the Orders entered in this case.
>
>   Accordingly, please be advised that a motion to compel responses to defendant's First Set of Requests for Production, Second Set of Interrogatories, Second Set of Requests for Production, Second Set of Requests for Admissions, Third Set of Interrogatories, and Third Set of Requests for Production, together with a request for imposition of appropriate sanctions for your failure to provide such discovery requests, shall be filed if complete responses to those discovery requests, pursuant to the terms of Orders entered in the subject adversary proceeding, are not delivered to my office on or before Friday, June 5, 2009.

A copy of that letter, together with a copy of the electronic mail message by which that letter was transmitted to plaintiff on June 1, 2009, is filed herewith as Exhibit B hereto.

Thereafter, on June 10, 2009, defendant received partial responses to defendant's Second Set of Interrogatories, Second Set of Requests for Production, Third Set of Interrogatories, and Third Set of Requests for Production. As of this date, no further responses have been received, in response to defendant's First Set of Requests for Production, despite the fact that plaintiff has been directed by the Court to provide those responses to defendant's First Set of Requests for Production by Order dated

January 30, 2009. As of this date, defendant has not received a copy of the sworn affidavit which the Court has ordered to plaintiff to file which details requested documents that have not been provided to defendant and the reason(s) those documents have not been provided.

## DISCUSSION

As this Court has held:

> Discovery in bankruptcy adversary proceedings is governed by the Federal Rules of Civil Procedure. *See* FED.R.BANKR.P. 7026-7037. Applicable to this controversy is Federal Rule of Civil Procedure 26(b)(1), which provides:
>
>> Parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery or to the claim or defense of any other party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter. The information sought need not be admissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence.
>
> FED.R.CIV.P. 26(b)(1).
>
> Thus the general rule is that litigants are entitled to discover information that "appears reasonably calculated to lead to the discovery of admissible evidence." *Id.*

*In Re RDM Sports Group, Inc.*, 277 B.R. 415, 422 (Bkrtcy. N.D.Ga. 2002).

9

Under the Federal Rules of Civil Procedure:

> A court may impose sanctions where a party fails to provide answers, objections, or a written response to interrogatories or requests for production. Fed.R.Civ.P. 37(d)(1)(A)(ii). Sanctions may include: (1) the payment of reasonable expenses caused by the failure; (2) designating facts as established as the prevailing party claims; (3) prohibiting the disobedient party from opposing designated claims or introducing designated matters into evidence; (4) striking the pleadings in whole or in part; (5) staying the proceeding until the order is obeyed; (6) dismissing the action or proceeding in whole or in part; and (7) rendering a default judgment against the disobedient party. Fed.R.Civ.P. 37(d)(3).

*Steed v. EverHome Mortg. Co.*, 308 Fed.Appx. 364, 370 (11th Cir. 2009). As the Eleventh Circuit has held:

> Because dismissal with prejudice is considered a drastic sanction, a district court may only implement it as a last resort, when: (1) a party's failure to comply with a court order is a result of willfulness or bad faith, *see BankAtlantic* [*v. Blythe Eastman Paine Webber, Inc.*], 12 F.3d 1045, 1049 (11th Cir. 1994)] and (2) the district court specifically finds that lesser sanctions would not suffice, *see Gratton v. Great Am. Communications*, 178 F.3d 1373, 1375 (11th Cir.1999).

*Taylor v. Taylor*, 133 Fed.Appx. 707, 709 (11th Cir. 2005).

In this case, plaintiff was ordered, on January 30, 2009, to provide to defendant the following information covered by defendant's First Set of Requests for Production: (1) federal income tax returns for income earned during any period since the date plaintiff received her bankruptcy discharge in 2004; (2) state income tax returns for income earned during any period since the date upon which plaintiff received her bankruptcy discharge in

2004; and (3) plaintiff's checking account statements for the period since January 1, 2006. Plaintiff has provided no documents within the scope of those First Set of Requests for Production in the period since she was ordered to do so over four months ago.[5]

Moreover, as stated above, plaintiff was served, on December 30, 2008, with defendant's Second Set of Requests for Production. By Order dated May 12, 2009, plaintiff was directed to provide complete responses to those Requests for Production or to file an affidavit with the Court detailing why the requested documents were not being provided. In that Second Set of Requests for Production, plaintiff was requested to produce copies of bills for: (1) local landline telephone and long distance charges; (2) cell telephone charges; (3) cable or satellite television; (4) Internet access; (5) medical and dental expenses; (6) health insurance; (7) motor vehicle insurance; (8) electricity; and (9) natural gas.[6]

In plaintiff's Answers to defendant's Second Set of Requests for Production, copies of which are filed herewith as Exhibit C hereto, plaintiff has produced none of those requested documents.

---

[5] Defendant's First Set of Requests for Production previously have been filed with the Court in support of defendant's motion to compel responses to those Requests for Production. [Doc. 22 - Exh. B].

[6] As stated previously, defendant's Second Set of Requests for Production have been filed previously with the Court. [Doc. 37 - Exh. A].

11

Plaintiff justifies her failure to produce those requested documents with a representation that "I do not keep any of my statements." [Exh. C - Response to Request No. 11]. While plaintiff represents copies of the statements have been requested, plaintiff offers no explanation as to why statements within the scope of defendant's Second Set of Requests for Production were not retained by her during the period since plaintiff was served with those discovery requests over five months ago and why plaintiff has not served defendant with a copy of the sworn affidavit the Court has directed her to file with the Court in the event those documents are not provided.[7]

Plaintiff elected to commence this action to seek a discharge of her student loan obligations. Defendant promptly commenced to serve discovery requests in this case. Plaintiff repeatedly has failed to provide timely and complete responses to those discovery requests.

Plaintiff cannot dictate when she will elect to comply with discovery deadlines imposed by the Court and select those aspects Orders of the Court with which she will deign to comply. In this case, plaintiff remains in brazen non-compliance with the Orders of the Court entered on January 30, 2009, and May 12, 2009.

---

[7] There is no record of such an affidavit having been filed with the Court.

Accordingly, defendant requests that plaintiff be ordered to immediately provide to defendant copies of all documents within the scope of defendant's First and Second Sets of Requests for Production. If those documents are not provided, defendant further requests that defendant file with the Court the sworn affidavit, required under the terms of the Order entered on May 12, 2009, that explains why those documents are not being provided and the extent of plaintiff's efforts to secure those documents. If plaintiff then fails to either produce those documents or file a sworn affidavit detailing why those documents have not been produced, defendant further requests that a default judgment be entered in this case in favor of defendant as a further sanction against plaintiff for her failure to comply with the Orders of the Court.

Furthermore, defendant requests that plaintiff be ordered to pay into the registry of the Court, on or before July 1, 2009, the sum of five hundred dollars ($500) as a sanction for plaintiff's pattern and practice of failing to comply with her discovery obligations and the Orders of the Court. If plaintiff fails to pay into the registry of the Court any monetary sanction imposed by the Court, by the date established by the Court, defendant further requests that a default judgment be entered in this case in favor of defendant, as a further sanction against plaintiff for her failure to comply with the Orders of the Court, unless plaintiff

submits to the Court sufficient information that establishes her financial inability to pay any such monetary sanction. *See Taylor v. Taylor,* 133 Fed.Appx. at 710 (Court should consider *pro se* litigant's proffer of grounds for inability to pay monetary sanction prior to dismissal of lawsuit as sanction for failure to pay such sanction).

WHEREFORE, defendant respectfully requests that its motion to, yet again, compel responses to discovery requests and to impose sanctions against plaintiff for her failure to comply with Orders directing those responses be provided be granted.

>
> Respectfully submitted
>
> DAVID E. NAHMIAS
> UNITED STATES ATTORNEY
>
> */s/ Daniel A. Caldwell*
> DANIEL A. CALDWELL
> ASSISTANT U.S. ATTORNEY
> Georgia Bar No. 102510
>
> 600 U.S. Courthouse
> 75 Spring St., SW
> Atlanta, GA 30303
>
> Tel: 404-581-6224
> Fax: 404-581-6181
>
> Counsel for defendant
> U.S. Department of Education

<u>CERTIFICATE OF SERVICE</u>

This is to certify that the foregoing Motion To Compel Discovery Responses And For Sanctions was served on this date, by mailing a true copy thereof by first class mail with adequate postage affixed thereto and by transmitting an additional copy thereof by electronic mail, addressed to:

    Christine Ann Israel
    3960 Church View Lane
    Suwanee GA 30024


This   12th   day of June 2009.


                            /s/ *Daniel A. Caldwell*
                            DANIEL A. CALDWELL
                            ASSISTANT UNITED STATES ATTORNEY