**IT IS ORDERED as set forth below:**

**Date: July 24, 2009**

_____
**W. H. Drake**
**U.S. Bankruptcy Court Judge**

_____

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF GEORGIA
## NEWNAN DIVISION

| | | |
|---|---|---|
| IN THE MATTER OF: | : | CASE NUMBERS |
| | : | |
| CHRISTINE ANN ISRAEL, | : | BANKRUPTCY CASE |
| | : | NO. 04-17006-WHD |
| Debtor. | : | |
| _____ | : | |
| | : | |
| CHRISTINE ANN ISRAEL, | : | |
| | : | |
| Plaintiff, | : | ADVERSARY PROCEEDING |
| | : | NO. 08-1701 |
| v. | : | |
| | : | |
| UNITED STATES DEPARTMENT | : | |
| OF EDUCATION, | : | IN PROCEEDINGS UNDER |
| | : | CHAPTER 7  OF THE |
| Defendant. | : | BANKRUPTCY CODE |

## **O R D E R**

Before the Court is the Motion to Compel Discovery Responses to Defendant's First

and Second Set of Requests for Production and Motion for Sanctions for Failure to Comply

With Orders to Provide Discovery Responses, filed by the United States Department of Education (hereinafter the "Defendant"). Also before the Court is a Motion for Sanctions, filed by Christine Ann Israel (hereinafter the "Plaintiff") and the Plaintiff's Motion to Compel Defendant to Produce Documents. Finally, the Defendant's Motion to Extend the Discovery Period remains pending.

In an Order dated May 12, 2009, the Court granted the Plaintiff's request for an extension of time to provide full and complete answers to all interrogatories, to produce all documents responsive to the Defendant's request, and to respond to all requests for admissions posed by the Defendant on or before May 29, 2009 and extended the discovery period until July 2, 2009. The Court specifically ordered the Plaintiff to provide a full and complete response to the Defendant's discovery requests and to "either provide all documents requested by the Defendant or . . . file with the Court and serve upon the Defendant a sworn affidavit detailing the documents that are not being provided and the reason why the documents are not being provided." As to documents that exist, but are not accessible to the Plaintiff, the Plaintiff was directed to provide a detailed affidavit as to the steps taken by the Plaintiff to obtain the documents, along with the identity and address of the custodian of those documents.

On June 12, 2009, the Defendant filed the instant motion, asserting that the Plaintiff has failed to comply fully with this Court's May 12th Order. The Defendant asserts that the Plaintiff failed to produce all documents requested and, it would appear from the Court's

2

docket that the Plaintiff has not filed the affidavit that she was specifically ordered to file on May 29, 2009.  Defendant is seeking an order directing the Plaintiff to comply fully, sanctioning the Plaintiff with a fine of $500, payable to the registry of the Court, for her failure to comply, and providing notice to the Plaintiff that the Court will enter a default judgment against her  and in favor of the Defendant if she should fail to comply and to pay the $500 fine.

The Defendant has been seeking responses to its various discovery requests since July 2008.  Both counsel for the Defendant and this Court have been lenient in allowing the Plaintiff, who is proceeding pro se, ample time to comply with these requests, requiring multiple extensions of time and of the discover period.  The Plaintiff has been reluctant to comply, first arguing that the information was not relevant to the case, and then pleading that she could not comply in the time allowed.  The Plaintiff filed this complaint against the Defendant and must now be prepared to produce all information relevant to her case.  If she does not, the case cannot move forward and must be dismissed.

The Defendant has requested: (1) federal income tax returns for income earned during any period since the date the Plaintiff received her bankruptcy discharge in 2004; (2) state income tax returns for income earned during any period since the date upon which the Plaintiff received her bankruptcy discharge in 2004; (3) Plaintiff's checking account statements for the period since January 1, 2006; (4) bills for local landline telephone and long distance charges; cell telephone charges; cable or satellite television; Internet access;

3

medical and dental expenses; health insurance;  motor vehicle insurance; electricity; and natural gas.  The Plaintiff has failed to produce any of these documents.  The Court is at a loss to understand why it is so difficult for the Plaintiff to mail to the Defendant's counsel copies of her tax returns, which the Court assumes the Plaintiff has retained for at least the last three years, and copies of her most recent utility bills, which should be available to her as they are received and paid.  In response to the Defendant's request for sanctions, the Plaintiff simply states that she has complied to the best of her ability with the request for documents and has given the Defendant's counsel "the reason and the complete contact information for the party."  Giving the Defendant an explanation and complete contact information does not constitute a sworn affidavit filed with the Court.  The Plaintiff gives no explanation as to why she did not file a sworn affidavit with the Court.  The Court can only conclude that the Plaintiff has chosen to willfully ignore this Court's order.

For these reasons, and because the Plaintiff has failed to offer any justifiable excuse for her failure to comply, the Court grants the Defendant's request for a $500 fine, in lieu of payment of the Defendant's reasonable expenses in bringing the motion to compel,  as a sanction for the Plaintiff's failure to comply with this Court's order on the Defendant's previous motion to compel.  *See* FED. R. CIV. P. 37(b)(2)(C).

As to the Plaintiff's Motion for Sanctions against the Defendant due to the "misreporting" of her student loan, the Motion will be denied.  Section 523(a)(8) of the Bankruptcy Code provides that student loan debt is not dischargeable *unless* the Court

4

determines that it is dischargeable.  Until the Court enters an order declaring the debt to be dischargeable, the debt survives the Plaintiff's bankruptcy.  Consequently, reporting the debt as outstanding and in default is a correct report.  Assuming, without deciding, that the automatic stay provided by section 362(a) would prohibit the reporting of a nondischargeable debt, the automatic stay terminated upon the entry of the Plaintiff's discharge and was not reinstated by the reopening of the case.  *See* 11 U.S.C. § 362(c)(2). Accordingly, the Defendant's reporting of the student loan debt to the credit bureaus in no way violates the Bankruptcy Code.

The Plaintiff's Motion to Compel the Defendant to produce documents is also denied. The Plaintiff requested documentation with regard to her student loan, and the Defendant responded.  The Plaintiff asserted that the documents are not legible and are incomplete. The Defendant offered to participate in a conference call to resolve the Plaintiff's issues, but the Plaintiff rejected this offer.  The Defendant has also obtained additional copies of documents from Sallie Mae and has offered to permit the Plaintiff to inspect its original records.  Accordingly, it appears that the Defendant has substantially complied with the Plaintiff's requests and it does not appear that the Plaintiff has engaged in good faith efforts to resolve her issues with the documents that the Defendant did produce, as is required by Federal Rule of Civil Procedure 37(a)(1), made applicable to this proceeding by Federal Rule of Bankruptcy Procedure 7037.  If there were additional records required by the Plaintiff that were not in the possession, custody, or control of the Defendant, the Plaintiff

was certainly free to subpoena those records from any non-party in accordance with Rule 45 of the Federal Rules of Civil Procedure, made applicable to this procedure by Rule 9016 of the Federal Rules of Bankruptcy Procedure.

Finally, the Court must again extend the discovery period in this case to accommodate the Plaintiff's dilatory conduct.  The Defendant's request for a limited extension of the discovery period will be granted.

For the reasons stated above, it is hereby **ORDERED:**

1) the Defendant's Motion to Compel Discovery Responses to Defendant's First and Second Set of Requests for Production and Motion for Sanctions for Failure to Comply With Orders to Provide Discovery Responses is **GRANTED**.  The Plaintiff is **ORDERED** to respond fully to the Defendant's First, Second, and Third Requests for Documents and to any and all requests for interrogatories and requests for admissions on or before **August 28, 2009**.  The Plaintiff is **ORDERED** to file with the Court and serve on counsel for the Defendant a sworn affidavit detailing any document requested, the existence of which she is aware, that has not been produced, and detailing the reason why such document has not been produced, along with complete contact information for the entity that is or may be in possession of that document.

2)  The Plaintiff shall pay into the registry of the Court a fine in the amount of $500 on or before **September 15, 2009** and shall file with the Court and serve upon counsel for the Defendant a sworn affidavit that such fine has been paid.

6

3)  If the Plaintiff fails to comply with the Order of the Court as specified in numbered paragraphs 1 and 2 without just excuse, the Court shall dismiss the Plaintiff's complaint with prejudice.

4)  The Plaintiff's Motion for Sanctions is **DENIED**.

5)  The Plaintiff's Motion to Compel Defendant to Produce Documents is **DENIED**; and

6)  The Defendant's Motion to Extend the Discovery Period is **GRANTED.**   The general discovery period in this case expired on July 2, 2009.  The discovery period shall be extended, for the sole purpose of permitting the Defendant to depose the Plaintiff, for twenty (20) days following the date upon which the Plaintiff completes the full production of the documents and/or files her sworn affidavit, as detailed in numbered paragraph 1 of this Order.

**END OF DOCUMENT**